IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DANIEL W. ROSS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | NO. 12-CV-778-WDS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is petitioner's motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255. The petitioner was convicted on February 9, 2004, after a jury trial, on one count of conspiracy to possess with intent to distribute and distribution of 5 grams or more of crack cocaine (Count 1) and one count of possession with intent to distribute crack cocaine (Count 2). *United States v. Ross*, No. 02-40004-WDS (S.D. Ill. 2010). He was sentenced to a term of imprisonment of 360 months, consisting of 360 months on Count 1 and 240 months on Count 3 to be served concurrently, and five (5) years of supervised release. He took a direct appeal of his sentence and conviction, and that appeal was remanded for limited review under *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), *see, United States v. Ross,* 184 Fed. Appx. 546 (7th Cir. 2006). He then filed a habeas action, *Ross v. United States*, 07-842-WDS, which was denied on all grounds raised. *See,* 07-842, Order at Doc. 5 (dismissing all three grounds for habeas review). He did not seek appellate review of that Order.

He now has filed a second habeas review by this Court asserting ineffective assistance of counsel for failing to advise the petitioner fo the consequences of his decision not to plead guilty,

which resulted in a lengthy sentence upon conviction. Petitioner asserts that as a result, he was sentenced under the Career Offender provisions of the Sentencing Guidelines.[1]

The first matter that must be resolved is whether petitioner's motion constitutes a "second or successive" motion under 28 U.S.C. § 2255(h). Although district courts have jurisdiction over a prisoner's first § 2255 motion, the ability to pursue a second or successive motion is subject to strict limitations:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). Thus, generally district courts lack jurisdiction to hear a second or successive motion under § 2255. *Burton v. Stewart*, 549 U.S. 147, 157 (2007); *Curry v. United States*, 507 F.3d 603, 605 (7th Cir. 2007). A prisoner gets one collateral attack on the merits per judgment. *Dahler v. United States*, 259 F.3d 763, 764 (7th Cir. 2001); *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) (a motion dismissed without prejudice due to a "curable technical deficiency" does not count as a first motion). Certain exceptions may apply, such as when a prisoner is resentenced and a new judgment is entered. *Dahler*, 259 F.3d at 764 (noting that such a new challenge is limited to an attack on the sentence, not the underlying conviction); *see also Walker v. Roth*, 133 F.3d 454 (7th Cir. 1997). "A district court must dismiss a second or

---

[1]The Court notes that petitioner has not claimed that he is actually innocent of the underlying crime, or that he was improperly sentenced as a Career Offender due to improper calculation or use of an underlying prior conviction. Rather, he is simply claiming that he was not informed of the benefits of pleading guilty, given his prior criminal history.

successive petition, without awaiting any response from the government, unless the court of appeals has given approval for its filing." *Nunez v. United States*, 96 F.3d 990, 991 (7th Cir. 1996); *United States v. Boyd*, 591 F.3d 953, 957 (7th Cir. 2010).

Here, petitioner's first § 2255 motion was fully adjudicated on the merits. That motion gave him a full, unencumbered opportunity for collateral review, and therefore any subsequent § 2255 motion must must be certified by a panel of the court of appeals. *See Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011).   No exception to the certification requirement is apparent here; petitioner is not attacking a new judgment. Petitioner has not obtained certification by the court of appeals. Therefore, this Court does not have jurisdiction, and petitioner's motion must be dismissed.

Accordingly, the Court **DISMISSES** the petitioner's motion for habeas relief **WITH PREJUDICE** for lack of jurisdiction.


**IT IS SO ORDERED.**

**DATE:   10 September, 2012**

                                        /s/  WILLIAM D. STIEHL
                                             DISTRICT JUDGE