IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DANIEL W. ROSS,             ) | |
|         Petitioner,      ) | |
| v.                          ) | No. 12-CV-778-WDS |
| UNITED STATES OF AMERICA,   ) | |
|         Respondent.     ) | |

### ORDER

**STIEHL, District Judge:**

The Court previously dismissed petitioner Daniel W. Ross's motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 for lack of jurisdiction because it was his second such motion (Doc. 2). Now before the Court is petitioner's motion for reconsideration (Doc. 4).

Petitioner's § 2255 motion in this case claimed ineffective assistance of counsel (Doc. 1). The government had offered him a plea agreement, but he turned it down on the advice of his attorney. He was later convicted at trial and given a lengthy prison sentence, making him regret that he had turned down the agreement. He believes his attorney misled him about the consequences of the plea agreement versus going to trial. In support of his § 2255 motion, petitioner cited last year's Supreme Court decisions *Missouri v. Frye*, 132 S.Ct. 1399 (2012) and *Lafler v. Cooper*, 132 S.Ct. 1376 (2012). This was his second motion under § 2255, however. He had filed one in 2007 that was dismissed on the merits. *See Ross v. United States of America*, Case No. 07-CV-842. The Court therefore held that the new motion was "second or successive" and dismissed it for lack of jurisdiction. *See* § 2255(h).

Now, petitioner's motion for reconsideration challenges that finding. Since the two

Supreme Court decisions were announced in 2012, he argues his ineffective-assistance-of-counsel claim was not *ripe* when he filed his first motion in 2007.[1] Petitioner further argues that his motion was timely because § 2255(f)(3) restarts the time for filing a § 2255 motion. He adds that he should have been given notice and an opportunity to respond before the Court "recharacterized" his motion as a second or successive motion.

In the rest of the motion, petitioner argues his claim of ineffective assistance of counsel. He says he would have pleaded guilty if his attorney had told him about the possibility of a sentence reduction for acceptance of responsibility; or told him that, by proceeding to trial, his conduct involving counts that had been dismissed, and involving his coconspirators, would be used against him at sentencing. Petitioner believes he is entitled to relief "in the first instance," or an evidentiary hearing to determine whether his attorney rendered ineffective assistance. The fair and just resolution of this case, he says, is to vacate his conviction and sentence so that he can enter a plea. He asks the Court to reconsider his earlier motion on the merits and not to recharacterize it as successive.

Petitioner does not say which rule or statute he is relying on in this motion. Even if he did, though, it is the substance of the motion that controls. *Obriecht v. Raemisch*, 517 F.3d 489, 493 (7th Cir. 2008); *Curry v. United States*, 507 F.3d 603, 604 (7th Cir. 2007); *Borrero v. City of Chi.*, 456 F.3d 698, 701–02 (7th Cir. 2006).

Generally, in civil cases, if a postjudgment motion asserts errors of law, the court should treat it as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e). *Obriecht*, 517 F.3d at 493–94; *see also Gleash v. Yuswak*, 308 F.3d 758, 761 (7th Cir. 2002) (legal error is not a ground for relief under Rule 60(b)). If, on the other hand, the motion asserts one of the grounds for relief specified in Rule 60(b), such as mistake, newly discovered evidence, or fraud, the court should treat it as a motion for relief

---

[1] He cites *Panetti v. Quarterman*, in which the Supreme Court held that a habeas petition raising an insanity challenge to the death penalty under the Eighth Amendment is not second or successive where that claim would not have been ripe when a previous petition was filed. 551 U.S. 930, 943–44 (2007).

from judgment under that rule. Fed. R. Civ. P. 60(b); *Harrington v. City of Chi.*, 433 F.3d 542, 546 (7th Cir. 2006); *see also Gleash*, 308 F.3d at 761.

But in the context of a motion to vacate, set aside, or correct a sentence under § 2255, those rules may be applied only "to the extent that they are not inconsistent with any statutory provisions." 28 U.S.C. § 2255 Rule 12. One statutory provision of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), § 2255(h), limits the filing of successive motions—federal prisoners "are entitled to a single unencumbered opportunity to pursue collateral review." *Vitrano v. United States*, 643 F.3d 229, 233 (7th Cir. 2011). Consequently, any motion that is *functionally* a § 2255 motion must be treated as a § 2255 motion. *Curry*, 507 F.3d at 604; *Hare v. United States*, 688 F.3d 878, 880 (7th Cir. 2012); *see also Gonzalez v. Crosby*, 545 U.S. 524, 531 (2005).

A motion that challenges the legality of the prisoner's detention and seeks release from prison is functionally a § 2255 motion. *Curry*, 507 F.3d at 604. As such, it will be subject to AEDPA's limitations on the filing of successive motions; namely, a panel of the court of appeals must certify that the second or successive motion contains either newly discovered evidence or a new rule of constitutional law. § 2255(h); 2244(a); *Vitrano*, 643 F.3d at 233. As the Supreme Court explained, a motion that "add[s] a new ground for relief" or that "attacks the federal court's previous resolution of a claim *on the merits*"[2] presents a claim for habeas relief. *Gonzalez*, 545 U.S. at 532.[3] But, the Court went on, a motion that "attacks, not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," may be treated as a motion under Rule 60(b). *Id.* at 532–33. A motion that "challenges only the District Court's failure to reach the merits" is not a successive habeas motion. *Id.* at 538.

---

[2] "On the merits" means "a determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief." *Gonzalez*, 545 U.S. at 532 n.4.

[3] Although the Supreme Court in *Gonzalez* limited its holding to habeas corpus petitions filed under 28 U.S.C. § 2254, *Gonzalez*, 545 U.S. at 529 n.3, the Seventh Circuit and other circuit courts have since applied *Gonzalez* to motions filed under § 2255. *See generally Curry v. United States*, 507 F.3d 603 (7th Cir. 2007); *United States v. Buenrostro*, 638 F.3d 720 (9th Cir. 2011).

Here, petitioner's motion for reconsideration disputes the Court's finding that his § 2255 motion was second or successive, and adds that his motion was timely under § 2255(f)(3). Those arguments challenge the Court's failure to reach the merits. He also suggests the Court should have notified him before recharacterizing his filing. That argument does not touch on the merits of petitioner's case either. Petitioner's last claim, however, does. He spends extensive time making his case for ineffective assistance of counsel, and sums up saying he has "set forth sufficient facts to demonstrate that he is entitled to relief in the first instance, or, in the alternative, an evidentiary hearing to determine whether his counsel's performance was ineffective within the meaning of *Strickland/Lafler*, et al., and to reopen his § 2255 proceedings." Thus, petitioner's last claim argues the merits of his claim; he challenges the legality of his detention and seeks release from prison. (He does not seek immediate release, but an earlier release, assuming, as he does, that the plea agreement would have resulted in a shorter sentence.)

Petitioner's motion, therefore, *both* attacks the court's failure to reach the merits *and* challenges the legality of his detention. *Gonzalez* suggests that a mixed motion of this kind should be treated as a second or successive § 2255 motion: A motion that advances "one or more" claims for habeas relief should be considered a habeas petition, *Gonzalez*, 545 U.S. at 530, 532, while a motion in which "no 'claim' [for habeas relief] is presented" may be treated as a Rule 60(b) motion, *id.* at 533. Accordingly, the Supreme Court held that the motion in *Gonzalez* was a Rule 60(b) motion, not a habeas petition, because it "challenge[d] *only* the District Court's previous ruling on the AEDPA statute of limitations." *Id.* at 535 (emphasis added).

Petitioner's motion here advances one or more claims for habeas relief, namely, ineffective assistance of counsel; it is not a motion in which *no claim* for habeas relief is presented. The Court therefore **FINDS** that petitioner's motion for reconsideration (Doc. 4) is functionally a § 2255 motion. This motion is second or successive for the same reasons his

4

last one was, and he has not received certification from the court of appeals to bring it. Thus petitioner's motion for reconsideration (Doc. 4) is **DISMISSED** for lack of jurisdiction. *See* § 2255(h); *Vitrano*, 643 F.3d at 233.

This order of dismissal constitutes a final order in a proceeding under 28 U.S.C. § 2255. *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. Carraway*, 478 F.3d 845, 849 (7th Cir. 2007). Petitioner needs a certificate of appealability if he wishes to appeal this decision. § 2253(c)(1) (B); Fed. R. App. P. 22(b)(1). A certificate may be issued only if the petitioner has made a "substantial showing of the denial of a constitutional right," § 2253(c)(1)(B), which means that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). But when a § 2255 motion has been denied on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* (emphasis added).

Jurists of reason could find it debatable whether the Court is correct in its procedural ruling. As discussed above, petitioner's motion for reconsideration both attacks the Court's failure to reach the merits and challenges the legality of his detention. A reasonable jurist could conclude that the Court should have construed petitioner's motion as one under Rule 60(b) or Rule 59(e). *See United States v. Moya-Breton*, No. 12-4127, 2013 WL 1092823, at *2 (10th Cir. 2013) (finding the district court should have addressed the petitioner's allegation of fraud as a Rule 60(b) motion even though his other arguments for relief "were properly considered under the standards applicable to second or successive § 2255 motions"). However, petitioner does not make a substantial showing of the denial of a constitutional right. Among other reasons, this circuit has already held that *Missouri v. Frye* and *Lafler v. Cooper* did not announce a new rule of constitutional law that would

permit a second or successive § 2255 motion. *See Hare*, 688 F.3d at 881. A certificate of appealability will not be issued. Petitioner may request that a circuit judge issue the certificate. Fed. R. App. P. 22(b)(1).

**IT IS SO ORDERED.**

**DATED: July 3, 2013**

                                                  **/s/ WILLIAM D. STIEHL**
                                                     **DISTRICT JUDGE**